# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## CHAPTER 13 PLAN

Debtor(s)
THOMAS J. PRAIZNER &
LARA Z. PRAIZNER

Case No: 9:13-bk-11467

Amended Chapter 13 Plan

**CHECK ONE:**

__XX__ The Debtor certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in <u>Additional Provisions, paragraph 5 below.</u> Any nonconforming provisions not set forth in paragraph 5 are deemed stricken.

**1. MONTHLY PLAN PAYMENTS:** Including Trustee's fee of 10% and beginning thirty (30) days from filing/conversion date. Debtor[1] to pay to the Trustee for the period of __60__ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors pro-rata under the plan:

A.  $ __425.00__ for months __1__ through __60__ ;
B.  $_____ for months _____ through _____ ;
C.  $_____ for months _____ through _____ ;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE: $4,100.00 TOTAL PAID $1,500.00**
**Balance Due $2,600.00        Payable Through Plan**
**$Maximum Allowed Monthly**

**3. PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

**Name of Creditor**                                                                **Total Claim**

_____
_____
_____
_____

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**SECURED CLAIMS:**

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this Plan or the Order for Relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor makes such adequate protection payments on allowed claims to the Trustee pending confirmation of the Plan, the creditor shall have an administrative lien on such payment(s), subject to objection.

| Name of Creditor | Collateral | Adequate Protection Pmt. in Plan |
|---|---|---|
| | | |
| | | |

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments Paid through the Plan:** Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the plan. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Collateral | Estimated Payment |
|---|---|---|
| | | |
| | | |

**(B) Claims Secured by Real Property Which Debtor Intend(s) to Retain / Arrearages Paid through the Plan:** In addition to the provisions in Paragraph A above requiring all post-petition mortgage payments to be paid to the Trustee as part of the Plan, the Trustee shall pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor | Collateral | Arrearages |
|---|---|---|
| | | |
| | | |

**(C) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

| Name of Creditor | Collateral | Payment Amt (at 31%) |
|---|---|---|
| | | |
| | | |

**(D)   Claims Secured by Personal Property to Which Section 506 Valuation is NOT Applicable Secured Balances:** Upon confirmation of the Plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| Creditor | Collateral | Ad. Prot. Pmt. | Sec. Balance | Interest @____% |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**(E) Claims Secured by Personal Property to Which Section 506 Valuation is Applicable:**

| Creditor | Collateral | Ad. Prot Pmt. in Plan | Value | Interest @ _____% |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**(F)   Claims secured by Personal Property: Regular Adequate Protection Payments and any Arrearages Paid in Plan:**

| Name of Creditor | Collateral | Ad. Prot. Pmt. in Plan | Arrearages |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(G) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor

outside the Plan. The automatic stay is terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate any codebtor stay or to abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| **Name of Creditor** | **Property/Collateral** |
|---|---|
| Select Portfolio Servicing | Homestead |
| Volkswagen Credit | 2013 Volkswagen Tiguan |

**(H)  Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay is terminated *in rem* as to these creditors/lessors upon the filing of this Plan. Nothing herein is intended to lift any applicable codebtor stay or to abrogate Debtor's state law contract rights. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

| **Name of Creditor** | **Property/Collateral to be Surrendered** |
|---|---|
| Harley Davidson Credit Corp | 2011 Harley Davidson FLHX Street Glide |

## SECURED – LIENS TO BE AVOIDED/STRIPPED:

| **Name of Creditor** | **Collateral** | **Estimated Amount** |
|---|---|---|
| Specialized Loan Servicing | Homestead | $84,288.00 |

## LEASES/EXECUTORY CONTRACTS:

| **Name of Creditor** | **Property** | **Assume/Reject-Surrender** | **Estimated Arrears** |
|---|---|---|---|
| | | | |

**GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after

4

payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $20,333.00.

### ADDITIONAL PROVISIONS:

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate (check one)*

   (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

   (b) __XX__ shall vest in the Debtor upon confirmation of the Plan.

   *If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

5. Case Specific Provisions:

_____

_____

[signature]  
THOMAS J. PRAIZNER          Dated: 12/17/13

[signature]  
LARA Z. PRAIZNER            Dated: 12/17/13

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, Jon M. Waage, Trustee, P.O. Box 25001, Bradenton, FL 34206 and all creditors listed on the attached matrix, by first class U.S. Mail, postage fully prepaid, or by electronic notice, this 23rd day of December, 2013.

        MILLER AND HOLLANDER
        Attorneys for Debtors
        2430 Shadowlawn Drive, Suite 18
        Naples, FL 34112
        Telephone (239)775-2000
        Facsimile (239)775-7953

        By: _____
        Richard J. Hollander
        Florida Bar No. 884900
        Edward R. Miller
        Florida Bar No. 182746